**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HASSAN ABDULLAHI TAHLIIL, | No. 21-1338 |
| Petitioner, | Agency No. A206-263-964 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2024[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and CHRISTEN and VANDYKE, Circuit Judges.

Hassan Abdullahi Tahliil, a native and citizen of Somalia, petitions for

review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal

of an order from an Immigration Judge ("IJ") (together with the BIA, the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"Agency") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. As the parties are familiar with the facts, we do not recount them here. We deny the petition.

"Where, as here, the [BIA] incorporates the IJ's decision into its own without citing *Matter of Burbano*, 201 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We review adverse credibility determinations and denials of CAT protection for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. **Adverse Credibility Determination.** Tahliil challenges the Agency's conclusion that he did not testify credibly. "[T]he REAL ID Act requires that credibility determinations be made on the basis of the 'totality of the circumstances, and all relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The Act "permits IJs to consider factors such as demeanor, candor, responsiveness, plausibility, inconsistencies, inaccuracies, and falsehoods to form the basis of an adverse credibility determination." *Barseghyan v. Garland*, 39 F.4th 1138, 1142–43 (9th

2                                                    21-1338

Cir. 2022) (citing *Shrestha*, 590 F.3d at 1044).

Here, the IJ and BIA identified five inconsistencies in Tahliil's testimony. Three of those inconsistencies relate to the incident underlying Tahliil's claim of persecution: an alleged attack on Tahliil's brother by rival clan members. Tahliil does not dispute that the record supports these three inconsistencies.[1] At his hearing, Tahliil was given an opportunity to explain each inconsistency. The IJ concluded, and the BIA agreed, that Tahliil's explanations did not adequately explain these inconsistencies. Tahliil does not point to any evidence in the record that compels the conclusion that the BIA failed to consider the totality of the circumstances. Substantial evidence supports the Agency's adverse credibility finding. In the absence of credible testimony, the record does not compel us to reach a conclusion contrary to the Agency's determination that Tahliil is ineligible for asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

---

[1] Tahliil contends that the Agency erred in relying on the two remaining inconsistencies—his testimony concerning the length of time he spent in Kenya, and his vague testimony as to important dates. He argues that the first is "not a significant inconsistency," and that the second is not an inconsistency at all. We need not decide whether the BIA erred in relying on these two inconsistencies because we conclude that the three inconsistencies related to the attack on Tahliil's brother are sufficient to support the Agency's adverse credibility determination. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) ("There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination . . . .").

2. **CAT Relief.** Tahliil contends that the BIA erred in affirming the denial of his CAT claim because the IJ failed to consider country conditions. To qualify for relief under CAT, a petitioner must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) (quoting 8 C.F.R. § 1208.16(c)(2)). In determining whether a petitioner is eligible for CAT relief, "*all evidence* relevant to the possibility of future torture *shall* be considered, including, but not limited to . . . relevant *information regarding conditions in the country of removal*." 8 C.F.R. § 1208.16(c)(3) (emphasis added). The BIA "need not discuss each piece of evidence submitted." *Gonzalez-Caraveo*, 882 F.3d at 894. But "[w]here the [BIA] does not consider all the evidence before it, either by 'misstating the record [or] failing to mention highly probative or potentially dispositive evidence,' its decision cannot stand." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (third alteration in original) (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)).

As an initial matter, we presume the BIA reviewed the record and considered all relevant evidence. *Hernandez v. Garland*, 52 F.4th 757, 771 (9th Cir. 2022). Here, in denying Tahliil's CAT claim, neither the IJ nor the BIA expressly analyzed Tahliil's country conditions evidence. But the Agency was "under no obligation" to "expressly discuss it." *Id.* The country conditions

evidence in the record is neither "highly probative" nor "potentially dispositive" of the probability that Tahliil would be subject to torture if removed to Somalia because the evidence indicates a generalized risk of clan-based violence. *See Hussain v. Rosen*, 985 F.3d 634, 649–50, 650 n.8 (9th Cir. 2021) (noting that an applicant seeking CAT relief must demonstrate a "particularized threat" of future torture, and generalized evidence of violence will not suffice (citation omitted)). Accordingly, substantial evidence supports the denial of CAT relief. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (explaining that in the absence of credible testimony, the court "would have to find that the reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured" to reverse the BIA's decision denying CAT relief).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**